Daniel Judge,
after stating the case as above proceeded as follows : —A guaranty is a promise to answer for the payment of some debt, or the performance of some duty,-in case of the failure of another person, who is himself in the first instance liable to such payment or performance. Tell on Guaranties, 1. Smith on Mercantile Law, 277. The evidence shows that the defendant expressly refused to endorse. Did the words, “ but they are good,” which he appended to this refusal, amount to a promise that he would guaranty the goodness of the paper transferred/ The Judge left it to the jury to ascertain whether the defendant intended to bind himself as guarantor by using these words. We think, that the words used in the manner they were used, did not furnish any evidence of a promise to make the notes and judgments good. We understand the true rule on this point to be. that if a vendor receive from the purchaser the „ ; . . , . , , f , note oí a third person at the time of the sale, (such note not being forged and there being no fraudulent misrepresentation on the part of the purchaser as to the solvency of the maker,) it is deemed to have been accepted by the vendor in satisfaction, unless the contrary be expressly proved. Whitbeck v. Van Ness, 11 Johns. 409. There is another point which on a subsequent trial may be worthy of • • n „ „ x , , ' •', examination. Our act of 1826 declares, that “no action shall be brought whereby to charge any executor or administrator upon a special promise to answer out of his 1 1 / ’ estate, or to charge the defendant upon, any special promise to answer the debt, default or miscarriage of another person, unless the agreement upon which, such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party charged therewith, or some other person thereto by him lawfully authorized.” 1 Rev. Stat. ch. 50, sec. 10. The point to which we would draw attention is, whether the claim of the plaintiff, is not upon a verbal guar *146 anty, within the meaning of this statute, and therefore that a recovery cannot be had on it.
There must be a new trial.
Per Curiam. Judgment reversed.